IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Toni Gay, | ) |
|      *Plaintiff*, | ) ) ) ) Case No. 20 CV 50385 |
| v. | ) ) Magistrate Judge Lisa A. Jensen |
| City of Rockford, James Bolin, and Greg Yalden | ) ) ) |
|      *Defendants*. | ) ) |

### MEMORANDUM OPINION AND ORDER

Plaintiff has filed a motion for sanctions brought pursuant to Federal Rule of Civil Procedure 30(d)(2). Dkt. 40. For the following reasons, Plaintiff's motion for sanctions is denied.

### I. BACKGROUND

Plaintiff filed the instant lawsuit in October 2020 alleging excessive force, First Amendment retaliation, Fourth Amendment unlawful seizure, and malicious prosecution arising out of incident that occurred on November 17, 2019. Pl.'s Compl., Dkt. 1. Plaintiff alleges that Defendant Bolin, a Rockford Police officer, arrived at Plaintiff's home and advised her that he had been ordered to take possession of her vehicle despite not having a warrant. *Id*. at 2. Plaintiff retrieved personal items from the vehicle, which she gathered in piles on the ground. *Id*. She asked to speak to Defendant Bolin's sergeant, Defendant Yalden. *Id*. Following the phone call and on orders from Defendant Yalden, Defendant Bolin deprived Plaintiff of any further items from her vehicle and prevented her from retrieving the items already removed from the car. *Id*. Defendant Bolin then arrested Plaintiff using excessive force and seized her automobile. *Id*. at 3. Defendants filed an answer to the complaint and discovery ensued. *See* Def.'s Answer, Dkt. 14.

Plaintiff filed a motion for sanctions in October 2021. The motion relates to Plaintiff's deposition of Defendant Yalden, which occurred on June 15, 2021. *See* Ex. 2 at 1, Dkt. 40-2. About an hour into the deposition, Defendant Yalden confirmed that, prior to the deposition, he was not aware that Plaintiff had piled belongings near the trunk of her car. Ex. 2 at 58:13-25. Subsequently, the following interaction between Plaintiff's counsel and Defendant Yalden occurred:

> Q. So maybe she was – it's possible she was walking towards that stuff, right?
> A. No, because she walked towards the front driver's door of the vehicle, the same place she had just exited.
> . . .

1

> Q. Your testimony is that it is clear from the video that when she comes out of the house to return, she walks towards the front driver's side of the vehicle?
> A. Yes.

*Id.* at 59:1-24. Plaintiff's questioning of Defendant Yalden then continued for approximately 30 minutes on other topics, at which point Plaintiff's counsel requested a break. The break lasted approximately nine minutes. *Id*. 83:22-24.

Almost 20 minutes after the break, the following interaction between Plaintiff's counsel and Defendant Yalden occurred:

> Q. So [the report] says that, "Toni then attempted to walk around me to go to the trunk of the vehicle," correct?
> A. Correct.
> Q. Now that's inconsistent with your – what you see on the video, which is she clearly approaches the driver's side, correct?
> A. Yes, my testimony regarding her walking towards the front of the vehicle was inaccurate.
> Q. And how do you – it was inaccurate? How do you know?
> A. Review of the video and the report.
> Q. Well, did you review the video during the break?
> A. Yes.
> . . .
> Q. And who was present while you reviewed the video?
> A. My counsel.
> Q. Okay. And did you review any other materials?
> A. Just this report.
> Q. And did you have any conversations with counsel about your testimony?
> A. Minimal.
> . . .
> Q. So it's fair to say that you took a break during the deposition, you watched the video with your attorney, and you became aware that you had testified inaccurately under oath, correct?
> . . .
> A. Yes.
> . . .
> Q. And do you know why you gave inaccurate testimony?
> A. It was just my recollection at the time, and I recalled it differently.
> . . .
> Q. But you didn't, like, remember it was inaccurate, it was brought to your attention, right?
> . . .
> A. No, it was not brought to my attention. I reviewed the video, and upon reviewing the video, it appears that she walks towards the back and then over towards the car again.

*Id*. at 99:14-103:17.

Plaintiff filed her motion for sanctions on October 4, 2021, and Defendants filed their response. *See* Dkts. 40, 43.

## II. DISCUSSION

Plaintiff argues that Defendant Yalden and defense counsel violated Rule 30(d)(2), which prohibits impeding, delaying, or frustrating the fair examination of a deponent, by coaching Defendant Yalden during a break in his deposition. Pl.'s Mot. at 3, Dkt. 40. Specifically, she asserts that defense counsel intervened in Defendant Yalden's false testimony by showing him evidence and discussing his testimony in a private conference during a break in the deposition. *Id*. at 5. Plaintiff requests that the Court bar Defendant Yalden from testifying, allow the fact finder to draw an adverse influence from the absence of his testimony, and shift the costs and fees of this motion onto the defense. *Id*. at 5-6.[1]

Plaintiff first argues that the Seventh Circuit follows a "bright line rule" that private conferences on issues other than privilege that would be inappropriate during trial testimony are not excused during a deposition. Pl.'s Mot. at 4, Dkt. 40; *see Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012). In *Hunt*, defense counsel conferred privately with a witness during the plaintiff's deposition of that witness about exhibits as they were presented, allegedly pointing out policy language that plaintiff's counsel properly asked the witness herself to identify, and also had private conferences to substantively discuss testimony during breaks. *Id*. at 780. The court stated:

> The fact-finding purpose of a deposition requires testimony from the witness, not from counsel, and without suggestions from counsel. Coaching and private conferences (on issues other than privilege) that would be inappropriate during trial testimony are not excused during a deposition merely because the judge is not in the room.

*Id*. Yet, notably, the court held that the magistrate judge did not abuse his discretion by finding that the conduct at issue did not impede the purpose of the deposition and refusing to apply sanctions. *Id; see* Order, *Hunt v. DaVita, Inc.*, No. 10-cv-602-GPM-PMF (S.D. Ill. June 8, 2011), Dkt. 40.

Plaintiff also cites *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525 (E.D. Pa. 1993) in support of her argument. Pl.'s Mot. at 4, Dkt. 40. In *Hall*, counsel asked the deponent a question about a document, and deponent's counsel insisted upon taking a break to review the document with the deponent before he answered questions about it. *Id*. at 526. The parties called the presiding judge, who suspended the proceeding. *Id*. The court subsequently issued a ruling, stating that "conferences between witness and lawyer are prohibited both during the deposition and during recesses." *Id*. at 529. The court held that all private conferences between counsel and the deponent were out of bounds once the witness swore their oath. *Id*. This prohibition

---

[1] Because Plaintiff does not seek a sanction of dismissal, this Court will enter its ruling as a non-dispositive order. *See Hunt v. DaVita, Inc.*, 680 F.3d 775, 780 (7th Cir. 2012) (upholding a magistrate judge's discovery sanctions order pursuant to 30(d)(2) and characterizing the order as "non-dispositive").

3

applied irrespective of whether the lawyer or witness requested the conference, regardless of the nature or duration of the break, and was not overcome by considerations of a client's right to counsel and due process. *Id*. at 528-29. The court stated:

> The underlying purpose of a deposition is to find out what a witness saw, heard, or did – what the witness thinks. A deposition is meant to be a question-and-answer conversation between the deposing lawyer and the witness. There is no proper need for the witness's own lawyer to act as an intermediary, interpreting questions, deciding which questions the witness should answer, and helping the witness to formulate answers.

*Id*. at 528.

Defendant argues that Plaintiff's reliance on *Hall* is misplaced given that many courts, including some in the Seventh Circuit, have declined to follow *Hall*'s strict requirements. Def.'s Resp. at 5-7, Dkt. 43. However, Defendant also argues that, even under the strict reasoning of *Hall*, there was no violation of Rule 30(d)(2). *Id*. at 9. Defendant points out that the conference took place during a break that Plaintiff's counsel had requested and that there was no question pending for Defendant Yalden to answer at the time. *Id*. at 8. Defendant contends that counsel never acted as an intermediary, interpreted questions, decided which questions Defendant Yalden should answer, or helped Defendant Yalden formulate answers to pending questions. *Id*. at 9.

The Court begins its analysis by emphasizing that it is bound to follow Seventh Circuit pronouncements of law. *See Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004); *Laudicina v. City of Crystal Lake*, 328 F.R.D. 510, 515 (N.D. Ill. 2018). As laid out above, the Seventh Circuit in *Hunt* clearly stated that private conferences during depositions on issues other than privilege which would not be appropriate during trial are improper. *Hunt*, 680 F.3d at 780. Here, defense counsel and Defendant Yalden engaged in a private conference on an issue other than privilege. Specifically, during a break in questioning by Plaintiff's counsel, Defendant Yalden and his counsel reviewed a video of the event in order to refresh Defendant Yalden's recollection of what took place. Defendant does not address *Hunt* in their response brief. Nor does Defendant argue that at trial it would have been appropriate for Defendant Yalden and his counsel to review a video of the event to refresh his recollection during a break in Plaintiff's questioning. *See Plaisted v. Geisinger Med. Ctr.*, 210 F.R.D. 527, 535 (M.D. Pa. 2002) (internal quotations omitted) ("During a civil trial, a witness and his lawyer are not permitted to confer at their pleasure during the witness's testimony. The same is true at a deposition."). As such Defendant and his counsel's conduct was improper.

The next question is whether this improper conduct was sanctionable. "District courts have broad discretion in . . . deciding whether and how to sanction such misconduct, for they are much closer to the management of the case and the host of intangible and equitable factors that may be relevant in exercising such discretion." *Hunt*, 680 F.3d at 780. Pursuant to F.R.C.P. 30(d)(2) a district court "may impose an appropriate sanction including the reasonable expenses and attorney's fees incurred by any party – on a person who impedes, delays, or frustrates the fair examination of the deponent. As such, in order to impose sanctions for Defendant and his counsel's

conduct here, this Court must find that the conduct in fact impeded, delayed, or frustrated the fair examination of Defendant Yalden.

Plaintiff argues that defense counsel's correction of Defendant Yalden's testimony forever changed the discovery record, prevented the creation of impeachment, and injected the attorneys' own view of the facts. Pl.'s Mot. at 5, Dkt. 40. First, the record does not support the contention that counsel corrected Defendant Yalden's testimony or injected his view of the facts into the case. Defendant Yalden testified that his inaccurate testimony was not brought to his attention. *See* Ex. 2 at 103:14-17, Dkt. 40-2. He also testified that after he viewed the video, he became aware that he had testified incorrectly at the deposition. Moreover, the fact finder will be allowed to consider the circumstances of the break in assessing Defendant Yalden's credibility. *See Diebold, Inc v. Contl. Cas. Co.*, CV 07-1991(JEI/JS), 2009 WL 10677801, at *2 (D.N.J. Aug. 20, 2009) ("[P]laintiff's interests are protected at trial because it can cross-examine Beranek on his alleged 'changed' testimony."); *Ecker v. Wisconsin C. Ltd.*, 07-C-371, 2008 WL 1777222, at *4 (E.D. Wis. Apr. 16, 2008) ("To the extent plaintiff believes the witness changed his testimony after the break because of instructions from counsel for the defendant, he can so argue to the jury."); *Odone v. Croda Intern. PLC.*, 170 F.R.D. 66, 69 (D.D.C. 1997) ("To the extent that the plaintiff's conflicting deposition testimony would lead a jury to that conclusion is for the defendant to establish during the trial."). As, such Plaintiff's ability to impeach Defendant has not been frustrated.

Defendant contends that the effect of the conference was that Defendant Yalden corrected his earlier inaccurate testimony so, if anything, it promoted the search for truth. Def.'s Resp. at 8, Dkt. 43. The Court agrees that, to the extent that Defendant Yalden testified consistent with the video after reviewing it during the break, such review did not frustrate the truth-seeking objective of the deposition. To be clear, however, this Court does not condone Defendant or his counsel's conduct here. The proper way in which to ensure an accurate record would have been for defense counsel to refresh Defendant Yalden's recollection and pose questions to him on cross-examination. *See Jenkins v. XpresSpa Group, Inc.*, 19CIV1774VECSLC, 2020 WL 1644012, at *6 (S.D.N.Y. Apr. 2, 2020) ("[A] better course might have been for XpresSpa's counsel, after Plaintiffs' counsel completed their questioning, to refresh Mr. Bernstein's recollection and pose questions to him on re-direct."); *Odone*, 170 F.R.D. at 69 ("Certainly, in retrospect, it would have been preferable for the plaintiff's attorney to ascertain on the record whether his client misinterpreted a document.").

Nevertheless, Plaintiff does not argue that Defendant Yalden's testimony after the break was false or inconsistent with what appeared on the video so it cannot be argued that the deposition's purpose of seeking the truth was frustrated. Moreover, as Defendant notes, after the conference, Defendant Yalden continued to answer deposition questions regarding the contents of the video recording as well as other matters and the rest of the deposition proceeded uneventfully and without frustration. Def.'s Resp. at 8-9, Dkt. 43; *see Jenkins*, 2020 WL 1644012, at *6 ("XpresSpa's counsel's conduct here in no way interfered with Plaintiffs' counsel's ability to conduct the deposition or obtain substantive testimony."); *Sokn v. Fieldcrest Community Unit Sch. Dist. No. 8*, 10-CV-1122, 2014 WL 201534, at *9 (C.D. Ill. Jan. 17, 2014) ("Defense counsel's private conferences did not seem to frustrate the purpose of the deposition, which is to get to the factual testimony of the witness."). The Court finds that the private conference did not frustrate

the purpose of the deposition or interfere with Plaintiff's counsel's ability to obtain substantive testimony. As a result, this Court in its discretion does not find that sanctions are warranted. This Court fully expects that defense counsel will take care to ensure that his future conduct comports with the dictates of *Hunt* as discussed above.

As a final note, the Court calls attention to the fact that Plaintiff's request for sanctions is untimely. Any disputes concerning Defendant Yalden's deposition should have been brought to the Court's attention during or immediately following the deposition, which took place on June 15, 2021. Instead, Plaintiff filed this motion for sanctions nearly four months later on October 4, 2021, and only filed it after Defendant had moved for sanctions against Plaintiff on an unrelated matter. *See Fuhs v. McLachlan Drilling Co.*, CV 16-376, 2018 WL 5312760, at *24 (W.D. Pa. Oct. 26, 2018) (denying a request for sanctions in part because the motion was untimely filed more than four months after the deposition); *Cheshire v. Air Methods Corp.*, CV 3:15-0933, 2016 WL 6471235, at *7 (W.D. La. Nov. 1, 2016) (denying a request for sanctions pursuant to Rule 30(d)(2) in part due to its untimeliness); *Vay v. Huston*, Civ. A. No. 14-769, 2016 WL 1408116, at *10 (W.D. Pa. Apr. 11, 2016) ("Defendant has presented no explanation for its three-month delay in pursuing these sanctions. Accordingly, this factor supports denying Defendant's motion for sanctions."). This unacknowledged and unexplained delay suggests that Plaintiff did not view the complained of conduct to rise to the level of impeding or frustrating his deposition of Defendant Yalden and provides additional support for this Court's finding that sanctions are not warranted.

The Court concludes that Plaintiff has not demonstrated that Defendant's behavior warrants sanctions pursuant to Rule 30(d)(2). Therefore, Plaintiff's request that the Court bar Defendant Yalden from testifying, allow the fact finder to draw an adverse influence from the absence of his testimony, and shift the costs and fees of this motion onto the defense is denied.

### III. CONCLUSION

For the foregoing reasons, Plaintiff's motion for sanctions is denied.

Date: December 10, 2021    By: *Lisa A. [signature]*
Lisa A. Jensen
United States Magistrate Judge

6